IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PUBLIC HEALTH EQUIPMENT & SUPPLY CO., INC., | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| CLARKE MOSQUITO CONTROL PRODUCTS, INC., CLARKE ENVIRONMENTAL MOSQUITO MANAGEMENT, INC., CLARKE ENGINEERING TECHNOLOGIES, INC., | § § § § § § § § | SA-08-CV-0895 OG (NN) |
| Defendants. | § | |

**ORDER RE MOTION TO COMPEL (DOCKET ENTRY 72)**

The matter before the court is plaintiff's motion to compel, defendant's response and plaintiff's reply (docket entries 72, 73, and 74).

Plaintiff filed its motion seeking an order compelling defendant to supply dates for depositions of witnesses under its control and corporate representative. Depositions had been scheduled and plaintiff argued that defendant improperly postponed the depositions because of ongoing document production issues. Plaintiff filed this motion, in part, to compel defendant to provide new dates for the depositions. Since the filing of the motion, new dates for the depositions have been identified. Accordingly the motion to compel, insofar as it relates to the deposition dates, is denied as moot.

Plaintiff's motion also seeks an order compelling defendant to provide full and complete responses to document production requests. It appears that defendant has continued to supplement responses since the motion was filed on May 19. It is unclear which document

1

requests remain outstanding. The reply to the response to the motion to compel focuses on Requests 1, 2, 3, 4, 9 and 10. The Court will assume that those are the only requests for which a dispute remains.

**Requests 1, 2, 3 and 4:** In light of the broad definition of discoverable information,[1] defendant is ordered to produce documents in its possession, custody, or control, responsive to Requests 1, 2, 3 and 4 which date from 1985 to present. These requests all involve the nature of the relationship between Public Health and Clarke which plaintiff alleges was formed beginning in 1985[2] and are relevant to the plaintiff's claim that Clarke violated the distribution agreement with Public Health. However, defendant is not required to produce documents which no longer exist and to the extent that defendant has offered that plaintiff inspect and copy the documents at Clarke's offices in Illinois that offer is permissible under the federal rules.

**Requests 9 and 10**: These requests ask for production of all documents which identify Clarke's distributors during any period from January 1986 to present, as well as the distribution contracts or agreements between Clarke and distributors for the same time period. Rule 26(b)(1) provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Plaintiff's First Amended Complaint alleges that Public Health had an agreement with Clarke to be the exclusive source of Clarke's mosquito abatement insecticides and equipment in Arizona, New Mexico, Oklahoma, Texas, and Mexico. In its complaint, plaintiff explains that there is no single document which sets out the terms of the exclusive distribution agreement between Public Health and Clarke; rather the terms of that agreement are

---

[1] F.R.Civ.P. 26(b)(1).

[2] First Amended Complaint (docket entry 62), ¶9.

2

to be found in correspondence, purchase orders, invoices and other documents prepared by Clarke. Defendant denies that the existence of the agreement and alleges that Public Health refused to enter into a written distribution agreement with Clarke. Defendant also explains that it has produced the written distribution agreement for territory at issue in this case.

Plaintiff's production request for documents identifying all of Clarke's distributors from 1986 to present (Request 9) exceeds the scope of discovery permissible under the federal rules. Clarke advises that it does business throughout the United States, Latin America, Australia and Asia. In contrast, plaintiff alleges that it had a distributorship for just four states and Mexico. The production request as presently framed is overbroad with respect to the claim before this Court. However, Clarke is directed to provide documents or access to documents which identify the distributors in the four states and Mexico from 1986 to present, if not already produced, and to the extent those documents exist.

With respect to the request for the written agreements with distributors (Request 10) Plaintiff argues that the requested documents are relevant because "the documents would at the very least show how Defendants characterized and referred to Public Health as their exclusive distributor."[3] Defendant responds that it has produced the agreement for the territory at issue. The Court agrees that the request for contracts and agreements with all of Clarke's distributors from 1986 to present -- particularly where there no apparent basis for the assumption that Public Health is mentioned in any of those documents and given the fact that both parties agree that there was no written distribution agreement with Public Health – is overbroad and outside the scope of permissible discovery.

---

[3] Docket entry 74, ¶11.

Accordingly, the motion to compel is granted in part and denied in part consistent with the above. Based on the arguments of the parties and the documents attached to the motion, response and reply, I do not find that what occurred in May and June with respect to the depositions is sanctionable and deny plaintiff's request for same. Furthermore, the letter of May 10, 2011 attached to the motion to compel as evidence of compliance with Local Rule CV-7(h) does not reflect a good faith attempt to resolve this dispute without court involvement and warrants denial of the request for sanctions.[4]

Finally, defendant's reliance on equity, and particularly "unclean hands" to challenge plaintiff's motion, is denied, as having no place in the analysis of a motion to compel brought pursuant to the federal discovery rules.

It is so Ordered.

**SIGNED** on June 16, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] F.R.Civ.P. 37(a)(5)(A)(i) (authorizing expenses incurred in connection with a successful motion to compel except where the motion was filed "before attempting in good faith to obtain the disclosure or discovery without court action").