IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PUBLIC HEALTH EQUIPMENT & SUPPLY CO., INC., | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CLARKE MOSQUITO CONTROL PRODUCTS, INC., CLARKE ENVIRONMENTAL MOSQUITO MANAGEMENT, INC., CLARKE ENGINEERING TECHNOLOGIES, INC., | § § § § § § § | SA-08-CV-0895 OG (NN) |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS (DOCKET ENTRY 93)

The matter before the court is defendants' motion for leave to take depositions on written questions that would not count against the deposition limit (docket entry 93). Also before the court is plaintiff's response (docket entry 95).

Defendants' motion is made pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i) which requires leave of court if the parties have not stipulated to a deposition which would exceed the 10 deposition limit. Depositions on written questions under Rule 31 and depositions by oral examination under Rule 30 count towards the 10 deposition limit. At the time of filing of the motion and response, defendants had taken one Rule 30 deposition, one Rule 31 deposition, and noticed four additional Rule 30 depositions.

Defendants argue that additional depositions should be allowed because the seven companies to which it desires to direct Rule 31 written questions were identified by plaintiff as

companies to whom plaintiff sold mosquito control products during the relevant time period, and information regarding sales to those companies would be relevant to issues involving plaintiff's claim that it had an exclusive distributorship agreement with defendants.

Plaintiff opposes the motion arguing that defendants haven't yet exhausted the 10 deposition limit and therefore the motion is premature, and further that the discovery would be cumulative of information already disclosed through plaintiff's document production – specifically records of plaintiff's sales activities from 2004 to 2008.

Rule 30(a)(2)(A)(i) provides that leave should be granted to the extent consistent with Rule 26(b)(2). The latter rule directs the court to limit discovery which is cumulative or duplicative. Defendants did not reply to plaintiff's response and explain how the depositions on written questions directed to the seven companies would provide additional information not otherwise available through the sales documents already provided by plaintiff. Without that showing, the court cannot find that defendants have justified expansion of the presumptive deposition limit of Rule 30 by omitting the Rule 31 depositions from that total.

Accordingly, the motion for leave is ORDERED DENIED.

**SIGNED** on October 27, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE